JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Alan S. Gold and Frances Gold

**DEFENDANTS**
State Farm Fire and Casualty Company

**(b)** County of Residence of First Listed Plaintiff   Montgomery, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   McLean, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan S. Gold, Esquire, Gold & Ferrante, P.C. 261 Old York Road, Suite 526, Jenkintown, PA 19046; 215-885-1118

Attorneys (If Known)
Yolanda Konopacka DeSipio, Esquire, Bennett, Bricklin & Saltzburg LLC, 960 Harvest Drive, Building B, Suite 100, Blue Bell, PA 19422; (267) 654-1116

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
X 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332, 1441 & 1446
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
X DEMAND $ over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

### VIII. RELATED CASE(S) IF ANY
(See instructions:)  JUDGE ___   DOCKET NUMBER ___

DATE  2/22/11

SIGNATURE OF ATTORNEY OF RECORD  *Yolanda Konopacka DeSipio*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

APPENDIX F

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Alan S. Gold and Frances Gold, 7916 Rodger Road, Elkins Park, PA 19027

Address of Defendant: State Farm Fire and Casualty Company, One State Farm Plaza, Bloomington, IL 61701-0001

Place of Accident, Incident or Transaction: 7916 Rodgers Road, Elkins Park, PA 19027
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No X

Does this case involve multidistrict litigation possibilities?    Yes ☐    No X
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐    No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. X Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/22/11    _____    62170
Attorney-at-Law                    Attorney I.D.#

CIV. 609 (4/03)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**ALAN S. GOLD**                :
**FRANCES GOLD**           :
                               :      **CIVIL ACTION**
          **vs.**              :
                               :
**STATE FARM FIRE AND  CASUALTY**  :
**COMPANY**                   :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐        The nongovernmental corporate party, _____,
in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

**X**        The nongovernmental corporate party,  State Farm Fire and Casualty Co.,
the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company, a
mutual insurance company.  No publicly held corporation(s) owns any of Defendant's
stock.

| | |
|---|---|
| February 22, 2011 | YKD/5164 |
| Date | Signature |

Counsel for:  Defendant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

ALAN S. GOLD :
FRANCES GOLD :
: CIVIL ACTION
vs. :
:
STATE FARM FIRE AND  CASUALTY :
COMPANY :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____,
      in the above listed civil action does not have any parent corporation and
      publicly held corporation that owns 10% or more of its stock.

X     The nongovernmental corporate party,  State Farm Fire and Casualty Co.,
      the above listed civil action has the following parent corporation(s) and
      publicly held corporation(s) that owns 10% or more of its stock:

      is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company, a
      mutual insurance company.  No publicly held corporation(s) owns any of Defendant's
      stock.

   February 22, 2011              YKD/5164
          Date                         Signature

                           Counsel for:  Defendant

APPENDIX I

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Alan S. Gold and<br>Frances Gold | : | CIVIL ACTION |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| State Farm Fire and Casualty Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         ( X )

| | | |
|---|---|---|
| __February 22, 2011__ | __Yolanda Konopacka DeSipio__ | __Defendant_____ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| __267-654-1116__ | __267-654-1122__ | __desipio@bbs-law.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN S. GOLD and** | : | |
| **FRANCES GOLD** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO: 11-CV-** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | |

## NOTICE FOR REMOVAL OF CIVIL ACTION
## FROM STATE COURT

AND NOW, comes defendant, State Farm Fire and Casualty Company, for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, Docket No. 2010-11309.

2.      Said action was commenced on April 30, 2010 when plaintiffs filed a Writ of Summons, and plaintiffs served the Writ on Defendant on November 23, 2010.

3.      On December 13, 2010, a Praecipe/Rule to File Complaint was filed with the Court by Defendant, and it was served on plaintiffs.

4.      Plaintiffs filed a Complaint on January 25, 2011, and a copy of the Complaint was served on Defendant that same day.  A true and correct copy of plaintiffs' Complaint is attached hereto, made a part hereof and marked as Exhibit "A".

5.      The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

6.      This suit is of a civil nature and involves a controversy between citizens of different states.  Plaintiffs are citizens of the Commonwealth of Pennsylvania.  Defendant, State Farm Fire

and Casualty Company is now, and was at the time plaintiffs commenced this action and filed their Complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

7.    Defendant, State Farm Fire and Casualty Company, has simultaneously with the filing of this notice, given written notice to the plaintiffs.

8.    Defendant, State Farm Fire and Casualty Company is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Montgomery County.

9.    The Complaint asserts breach of contract and bad faith against defendant.  The amount in controversy is listed as to each count of the Complaint as in excess of $50,000.

10.    In their bad faith claim, pursuant to 42 Pa. C.S.A. §8371, plaintiffs seek in addition to compensatory damages, interest upon the amount of the contract claim against defendant at prime rate plus three percent, punitive damages, attorney's fees and costs.

11.    Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania.  Defendant asserts that the amount in controversy in this matter exceeds $75,000.  As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court.  Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

12.    In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint.  Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

13.    The underlying lawsuit as alleged in the Complaint arises out of defendant's handling and investigation of a loss occurring on or about July 30, 2009 through August 1, 2009 at plaintiffs' property located at 7916 Rodgers Road, Elkins Park, PA 19027.  See Exhibit "A".

14.    Under Count I, breach of contract of the Complaint, plaintiffs do not specifically plead the special damages, but only aver that the damages are in excess of $50,000.  See Exhibit "A".

15.    With reference to their bad faith claim pursuant to 42 Pa. C.S.A.§8371, plaintiffs also plead damages in excess of $50,000, and they allege that they will seek attorney's fees.  Attorney's fees must also be included in determining the amount in controversy.  Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995).   It would not be unreasonable to expect that over the course of an approximate nine month litigation, counsel could incur costs and fees in an amount approaching $10,000.

16.    In addition, it is anticipated that plaintiffs will also seek punitive damages pursuant to 42 Pa. C.S.A. §8371.   Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell vs. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).  The contractual amount in controversy alleged in the Complaint is in excess of $50,000 based on count I of the Complaint, and if plaintiffs are able to sustain a finding of bad faith, although the propriety of same is disputed by moving defendant, it is not unreasonable to expect that a punitive damage award five or six times the amount in controversy could be rendered by the trier of fact.

17.    "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of

3

the plaintiff's claim is below the statutory minimum." <u>Huber v. Taylor</u>, 2008 WL 2697774, 3 (3rd

Cir. 2008)(citing to <u>Golden ex rel. Golden v. Golden</u>, 382 F.3d 348 (3rd Cir. 2004)).

     18.    Therefore, the amount in controversy, known at this time, exceeds $75,000.00.

     WHEREFORE, defendant, State Farm Fire and Casualty Company,  hereby removes this

suit to this Honorable Court pursuant to the laws of the United States in such cases made and

provided.

By: _____
**YOLANDA KONOPACKA DESIPIO, ESQUIRE**
**Attorney for Defendant**
**Attorney ID No: 62170**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**960 Harvest Drive**
**Building B, Suite 100**
**Blue Bell, PA 19422**
**(267) 654-1116**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALAN S. GOLD and** | : | |
| **FRANCES GOLD** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO: 11-CV-** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | |

<u>**NOTICE OF REMOVAL**</u>

**TO:**   Alan Gold, Esquire
**Gold & Ferrante, P.C.**
261 Old York Road, Suite 526
Jenkintown, PA 19046

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, <u>Gold v. State Farm Insurance Company</u>, now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, at docket number 2010-11309.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BY: _____
**YOLANDA KONOPACKA DESIPIO, ESQUIRE**
**Attorney for Defendant**
**Attorney ID No: 62170**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**960 Harvest Drive**
**Building B, Suite 100**
**Blue Bell, PA 19422**
**(267) 654-1116**

**DATE:** <u>February 22, 2011</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN S. GOLD and** | : | **CIVIL ACTION** |
| **FRANCES GOLD** | : | |
| | : | |
| **vs.** | : | **NO: 11-CV-** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | |

### DEFENDANT'S CERTIFICATION OF FILING OF
### COPY OF NOTICE OF REMOVAL WITH STATE COURT

Yolanda Konopacka DeSipio, Esquire, being duly sworn according to law, deposes and says that she is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company.

That she did direct the filing with the Prothonotary of the Court of Common Pleas of Montgomery County a copy of the Notice of Removal, attached hereto, said filing to be made on February 22, 2011.

BY: _____
**YOLANDA KONOPACKA DESIPIO, ESQUIRE**
**Attorney for Defendant**
**Attorney ID No: 62170**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**960 Harvest Drive**
**Building B, Suite 100**
**Blue Bell, PA 19422**
**(267) 654-1116**

Sworn to and subscribed
before me this 22nd day
of _February_ , 2011.

_____
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN S. GOLD and** | : | |
| **FRANCES GOLD** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO: 11-CV-** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | |

### CERTIFICATE OF SERVICE

Yolanda Konopacka DeSipio, being duly sworn according to law, deposes and says that she

is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State

Farm Fire and Casualty Company, and that she did serve this 22nd day of February, 2011, the

aforementioned notice to plaintiffs upon the individual named below by depositing a copy of same

in the United States Post Office box, postage prepaid, enclosed in an envelope plainly addressed to:

Alan S. Gold, Esquire, Gold & Ferrante, P.C., 261 Old York Road, Suite 526, Jenkintown, PA

19046.


BY: _____
**YOLANDA KONOPACKA DESIPIO, ESQUIRE**
**Attorney for Defendant**
**Attorney ID No: 62170**
**BENNETT, BRICKLIN & SALTZBURG LLC**
**960 Harvest Drive**
**Building B, Suite 100**
**Blue Bell, PA 19422**
**(267) 654-1116**


**Sworn to and subscribed**
**before me this 22nd day**
**of** _____ **, 2011.**

_____
**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2013

## **AFFIDAVIT**

I, Yolanda Konopacka DeSipio, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

_____
**YOLANDA KONOPACKA DESIPIO, ESQUIRE**

**DATE:**   February 22, 2011

# EXHIBIT "A"

GOLD & FERRANTE, P.C.                    ATTORNEY FOR PLAINTIFFS,
BY: ALAN S. GOLD                         ALAN S. GOLD AND FRANCES
ATTY ID. NO. 23400                       GOLD
261 OLD YORK ROAD, SUITE 526
JENKINTOWN, PA 19046
(215)885-1118

ALAN S. GOLD and FRANCES GOLD    :       MONTGOMERY COUNTY
7916 Rodgers Road                        COURT OF COMMON PLEAS
Elkins Park, PA 19027            :

              V.                 :
                                         NO. 2010-11309
STATE FARM INSURANCE CO.         :
One State Farm Drive
Concordville, PA 19339-0001      :

CIVIL ACTION COMPLAINT
NOTICE TO DEFEND

  You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCE FEE OR NO FEE.

Lawyer Referral Service
100 West Airy Street
Norristown, PA 19401
(610)278-3360

GOLD & FERRANTE, P.C.                          ATTORNEY FOR PLAINTIFFS,
BY: ALAN S. GOLD                               ALAN S. GOLD AND FRANCES
ATTY ID. NO. 23400                             GOLD
261 OLD YORK ROAD, SUITE 526
JENKINTOWN, PA 19046
(215)885-1118

ALAN S. GOLD and FRANCES GOLD      :           MONTGOMERY COUNTY
7916 Rodgers Road                              COURT OF COMMON PLEAS
Elkins Park, PA 19027              :

                 V.                :
                                               NO. 2010-11309
STATE FARM INSURANCE CO.           :
One State Farm Drive
Concordville, PA 19339-0001        :

COMPLAINT AT LAW

     1.     Plaintiffs, Alan S. Gold and Frances Gold (hereinafter collectively referred to as "the Golds") are adult individuals residing at 7916 Rodgers Road, Elkins Park, PA 19027

     2.     Defendant, State Farm Insurance Co. ("State Farm"), is a corporation duly organized and existing which is licensed to issue policies of insurance in the Commonwealth of Pennsylvania and maintains its principle place of business at One State Farm Drive, Concordville, PA 19339-0001.   State Farm regularly conducts business in Montgomery County.

     3.     State Farm, in its regular course of business, issued to the Golds a policy of insurance covering the Golds' premises located at 7916 Rodgers Road, Elkins Park, PA 19027. The Golds are not in the possession of the policy.  State Farm has possession of the policy. Despite repeated demands by the Golds, State Farm has refused through its agents and servants to provide a copy of the policy.

     4.     At all times material hereto State Farm acted either individually or through its duly authorized agents, servants, workmen or employees who were acting within the scope of their actual or apparent authority and on the business of State Farm and for the benefit of State Farm.

     5.     On or about July 30, 2009 through August 1, 2009, while the aforesaid policy of insurance was in full force and effect, the Golds suffered a sudden and accidental direct physical

1

loss to the insured premises resulting in damage to the insured premises in the basement, in the family room, in the garage and to the structure of the premises.

6.     The Golds provided immediate notice of the covered loss to State Farm in a prompt and timely manner.  The Golds have done and otherwise performed all conditions and duties required of them under the policy of insurance issued by State Farm.

7.     State Farm refused to even permit the Golds to file a claim.  Only after their insistence did State Farm agree to receive a claim.

8.     Despite repeated demands by the Golds, a State Farm representative failed to inspect the premises until a year had elapsed.

9.     State Farm, despite demands for benefits under its policy of insurance, has failed and refused to pay to the Golds those benefits due and owing under the said policy of insurance.

10.     Solely as a result of State Farm's failure and refusal to pay benefits to the Golds as required under the aforementioned policy of insurance as well as the mishandling of their claim, the Golds have suffered loss and damage in an amount in excess of $50,000.

<u>COUNT I - BREACH OF CONTRACT</u>

11.     The Golds incorporate by reference as if set forth herein in full paragraphs 1 through 10.

12.     State Farm has breached its contractual obligation to pay benefits to the Golds for a loss covered under the policy of insurance issued by State Farm.

WHEREFORE, Alan Gold and Frances Gold, demand judgment against State Farm Insurance Co. in an amount in excess of $50,000, together with interest and costs incurred in bringing this action.

<u>COUNT II - BAD FAITH</u>

13.     The Golds incorporate by reference as if set forth herein in full paragraphs 1 through 12.

14.     State Farm has engaged in bad faith conduct toward the Golds.  It has treated them

2

unreasonably and unfairly with respect to its denial of their covered loss in violation of 42 Pa. C.S.A. §8371.

15.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for the covered loss of the Golds, State Farm acting by and through its duly authorized agents, servants, workmen and employees, has engaged in the following conduct:

> (a) its agents and employees told the Golds that they had no claim and should not even bother them by filing a claim;
>
> (b) State Farm forwarded correspondence representing to the Golds that their covered claim was not in fact covered under the State Farm policy of insurance when State Farm knew or should have known that said representation was false or misleading;
>
> (c) in failing to effectuate a prompt, fair and equitable settlement of the claim of the Golds and its liability where the existence of coverage under its policy was reasonably clear;
>
> (d) in misrepresenting pertinent facts or a policy or contract provisions relating to the coverages at issue;
>
> (e) in refusing to consider the Golds' claim without conducting a reasonable and fair investigation based upon all available information;
>
> (f) in treating the Golds with reckless indifference and disregard under the circumstances;
>
> (g) in not having a reasonable basis for denying benefits to the Golds under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied the claim of the Golds.

16.     Solely as a result of the bad faith conduct of State Farm as set forth herein above, the Golds have been required to commence the present action to recover benefits due and owing under the policy of insurance issued by State Farm to cover the Golds' loss.  The Golds have incurred costs and other expenses in connection with the claim.

3

WHEREFORE, Alan Gold and Frances Gold demand judgment against State Farm Insurance Co. for compensatory and punitive damages, counsel fees and costs, together with interest on the plaintiffs' claim in an amount equal to the prime rate of interest plus 3% in an amount in excess of $50,000.

GOLD & FERRANTE, P.C.

BY: _____
ALAN S. GOLD
Attorney for Plaintiffs,
Alan S. Gold and Frances Gold

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

4

<u>VERIFICATION</u>

I, Alan S. Gold, Esquire, hereby verifies that the statements in the Complaint at Law are true and correct to the best of my knowledge, information and belief. I also understand that the statements contained herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
ALAN S. GOLD

DATE:        January 25, 2011